The Case is shortly this
A man dies intestate leaving two Parcels of Land & a personal Estate not suffic’t to pay his Debts He has no Heir in this Colony His Widow takes Adm’econ & also enters upon the Land She administers all the personal Estate paying among others a Debt by Bond
The Pits, being Simple Contract Cred’rs unsatisfied bring this Bill ag’t the Adm’x praying a Discovery of the personal Estate & a Satisf. out of that but if that is not suffic’t then out of the *B356 Rents & Profits of the real Estate in her Possion And if they are not suffic’t Then that the Lands may be sold
The personal Estate is defic’t. The Bond Debt p’d by the Adm’x is more than the Debts claimed by Pits. The Question is Whether under the Circumstances of this Case the Heir being absent & unknown & the Deft, in Possion of the Land the Co’rt will decree a Satisf. to the Pits, out of the Lands.
It is charged in the Bill that if the Heir co’d be bro’t before the Court he wo’d be compelled to make Pits, a Satisf. out of the Lands descended [328] to him bec’a the Bond Debt with w’ch he is chargeable hath been p’d out of the personal Assets
And this I thought so clear a Point in Eq. that I did not expect I sho’d be put to the Trouble of saying much on that Head But as I understand this Point is to be disputed upon w’ch all our Eq. is built I shall be obliged to enlarge a little
I take it to be an universal Rule in Eq. that where Cred’rs who can charge the real Estate will yet take Satisf. out of the personal whereby there is a Deficiency of Assets to satisfie other Cred’rs who can only charge the personal Estate at Law Equity will put the last ment’d Cred’rs in the Place of the first & decree them a Satisf. out of the real Estate
This is certainly agreable to natural Justice that the Heir should bear that Burthen the Law has cast upon him when otherwise his Ancestors Debts cannot be satisfied It is founded upon the Rule of Equality & another Rule He that will have Eq. must do Equity
In the Nature of Things abstracted from positive Laws all Debts are equal & ought to be equally satisfied Equity however will not so far supersede the Law as to subj. the real Estate at all Events But where there are Debts with w’ch that is chargeable it will lend its Assistance to put that Burthen upon it w’ch by Law it ought to bear And will take away from the Heir his unreasonable Gain to make up the Loss w’ch the Simple Contract Cred’rs wo’d otherwise sustain
And as the Heir is intitled in Eq. to the Aid & Assistance of the personal Estate where he is charged with his Ancestors Debt & there is personal Estate suffic’t to pay it So by the same Rule of Eq. where the personal Est is swept away by Debts with w’ch he as Heir or the Lands descended to him are chargeable He ought to satisfie those Cred’rs who can only charge the personal Estate at Law.
*B357 Besides it is obvious that unless Eq. did interpose upon these Occasions a Door would be open to great Frauds for how easily might an Ex’r by Combination with the Heir suffer all the personal Assets to be to be [sic] taken for Debts with w’ch the Heir is chargeable & so entirely defeat the Simple-Contract Cred’rs
Thus as well to prevent Frauds as to do equal Justice to Cred’rs It has long obtained as a settled & established Rule in Eq. that wherever Debts with w’ch the real Estate is chargeable are paid out of the personal Assets And there is not suffic’t left to satisfie other Cred’rs that the real Estate shall be answerable for the Value of the Debts paid.
And this Eq. has not been only extended to Cred’rs but even to Legatees
As where a Testor mortged his Land & also entered into a Stat [54V] to the Mortgee And by his Will devised a Legacy of 500;£. And [329] the Mortges took the personal Estate in Exon upon the Stat. so that there was not suffic’t left to satisfie the Legacy The Legatee had a Decree ag’t the Heir to be satisfied out of the Land 2 Ch. Ca. 4. Anonimus If Eq. will give this Assistance to a Legatee How much more to a Cred’r Indeed the Chancellor in that Case declared that tho’ the personal Estate ought to be applied to ease the Heir where he is chargeable with his Ancestors Debts Yet where there was a Deficiency of Assets to pay other Cred’rs or even Legatees the Heir sho’d not turn his Charge upon the personal Estate but that where both co’d be satisfied both sho’d be satisfied And sayed it looked like a Fraud to charge the personal Estate with the Martg’a And cited sev’l Preced’ts of the like Decrees
The like Point is determined in Culpeper & Ashton 2 Ch. Ca. 115. And there sayed when the personal Estate is emploied in Ease of the Heir & Lands so much of the real Estate as is eased shall be liable
So there being a Judgm’t Cred’r & a Bond Cred’r And the Judgm’t Cred’r took the personal Estate in Exon Upon a Bill bro’t by the Bond Cred’r to be put in the Place of the Judgm’t Cred’r Com’r (Hutchins) was for relieving him saying in many Cases the Heir has the Fav’r & Assistance of the Court to make the personal Estate liable to Debts in Ease of the real And he thought it reason’a e converso that as the Heir was to have Equity he ought to do Eq. But w’t the Decree was does not app’r Powy a Marsh 2 Vern. 182.
*B358 An Extrix having applied Part of the personal Estate to payoff a Mortg’a Simple-Contract Cred’rs had Relief ag’t the Heir Wilson a Fielding 2 Vern. 763.
A Man indebted by Bond gave Leg’s to his Children & devised his real Estate to his eldest Son in Tail The Son being Ex’r paid the Bond with the personal Estate And the Legatees bro’t a Bill ag’t him to be p’d out of the Land The Master of the Rolls decreed in Fav’r of the Legatees But the Chancellor (Harcourt) reversed the Decree upon the Distinction that the Lands here were devised And that it was as much the Testors Intention the Devisees sho’d have the Land as the Legatees their Legacies But he admitted if the Lands had descended the Legatees ought to have been relieved 2 Sal. 416. Hern a Merrick
Here the Testor was indebted by Bond (as in the present Case) This Bond was p’d out of the personal Assets The Legatees come for a Satisf. out of the real Estate & would have had it but for the Devise Here are Cred’rs & there is no Devise Surely then we are intitled to as much Eq. as a Legatee & ought to be relieved
Read Talb. 54. Max. Eq. 11.
Upon the Authority of these Cases I may venture to conclude that if the Heir was before the Court there could be no Question but [330] that the Pits, ought to be relieved ag’t him
The only Question then is Whether under the Circumstances of this Case the Heir being absent & unknown & the Deft, in Possion of the Land the Court will not subj. the Land in the Hands of the Deft, in the same Manner as they wo’d if it was in the Hands of the Heir to satisfie the Pits. Demands.
Vidt 1 Will. 99. Gawler a Wade.
There will certainly be a failure of Justice if the Co’rt will not interpose the Heir may never come here He may sell with’t coming & then the Pits, must be quite with’t Remedy
I can see no Diff. in Reason between this Case & the common one where an absent pson is indebted & has Effects in the Hands of a third pson In w’ch Case this Co’rt relieves every Day
The Deft, is undoubtedly accountable to the Heir for the Profits And conseq. to the Pits, who are his Cred’rs Admitting that the Deft, ought not to acco’t for any Profits past upon the Matters disclosed in her Answer Yet surely she will be for future Profits Let her then either pay an annual Rent till the Debts are discharged or deliver up the Land to be sold
*B359 One Parcel would satisfie Pits. Deft, may keep the other for her Dower And as the Land is of small Value & will not pay the Pits, in many years we hope one Parcel will be decreed to be sold— It is the Course of Eq. where Profits will not pay Debts in a reasonable Time And was so decreed here lately in one Ogilby’s Case
Boni Judiéis esl ampliare jurisdictionem Co’rt sho’d extend the Arm of Justice further than usual where there wo’d be otherwise a failure of Justice. Fr Jekyl Council Prec. Ch. 329.
As to the Distinction betw. Debts that are an actual Lien upon the Land & those with w’ch the Heir is chargeable in Respect of the, Lands descended to him there is no Foundation for it in Reason or Authority.
No such Distinction in any of the Cases And tho’ they are all Except Sal. upon Mortges &c. w’ch are actual Liens Yet the Reasons they turn upon hold as strongly where they are not so but the Heir is only chargeable
The Reasons are 1. Upon the Rule of Equality that all the Cred’rs may be satisfied 2. bec’a the Heir has freq. the aid of the personal Estate & therefore ought to do the same Equity he receives & 3. to prevent Frauds & Combinations betw. the Heir & Ex’r
All these Reasons equally hold whether the Land is chargeable itself or the Person of the Heir in Respect of the Land
But the Case in Salk, was upon a Bond Debt & so is a full Ans’r to this Obj. See also Talb. 54. Chancellor’s Opin.